UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

BRUCE R. PENLEY, JR.,
　　　　　　　*Defendant-Appellant.*

No. 02-4392

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-99-206)

Submitted: November 7, 2002

Decided: December 3, 2002

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, L. Anna Crawford, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bruce R. Penley, Jr., appeals from the district court's order of modification of supervised release. Penley pled guilty to a single count indictment charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5) (2000). He received a twenty-seven month term of imprisonment and two-year term of supervised release. He began serving his supervised release term on April 9, 2002. Penley's probation officer filed a petition seeking to modify the terms of Penley's supervised release by adding conditions recommended by members of the sexual offender treatment team at Penley's institution of incarceration.

Penley challenges one of the additional conditions contained in the district court's order modifying the supervised release terms: that Penley not be permitted to "attend job-related activities where children are the focus of the activity, such as little league or children's birthday parties." The district court's decision to impose special conditions of supervised release is reviewed for abuse of discretion. *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir. 1999).

We find that the court did not abuse its discretion by imposing the challenged condition. Penley has demonstrated a deviant interest in young children and possessed over one-thousand child pornography images. He was terminated from the sexual offenders program. The treatment experts in the program made the recommendation for this particular job restriction. While taking part in the treatment program, Penley was found to have handwritten accounts of acts of sexual violence and "inappropriate sexual activity with young girls, and the stalking and grooming of potential victims." The prison officials determined that Penley was using these materials for his own "deviant sexual gratification." Finally, the sexual offenders treatment team classified Penley as a moderate risk for sexual offender recidivism.

Thus, the condition prohibiting Penley from attending job-related activities that focus on children was "reasonably necessary" to protect the public and afford adequate deterrence to future criminal conduct. *See* 18 U.S.C. § 3583(d)(2) (2000).

We therefore affirm the district court's order modifying the terms of Penley's supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*